United States District Court
Eastern District of North Carolina
Western Division

| | |
|---|---|
| Camisha Grimes, Keona Hunter, Kimberly Reaves, and Nesita Williams, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| The Bruson Group, Inc., Renwick Bruce Ward, and Sonia Ward, | ) ) ) |
| Defendants. | ) ) |

Complaint

Plaintiffs Camisha Grimes, Keona Hunter, Kimberly Reaves, and Nesita Williams file this complaint against defendants The Bruson Group, Inc. ("Bruson Group"), Renwick Bruce Ward, and Sonia Ward (collectively, "defendants").

Summary of Plaintiffs' Claims

1. Defendants failed to pay plaintiffs for hours worked in excess of forty per week at a rate of one and one-half times their regular rates of pay. Plaintiffs are entitled to recover from defendants their unpaid overtime compensation, an equal amount of liquidated damages, other appropriate relief, and an award of attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Defendants violated the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 94-25.1, *et seq.* by failing to pay plaintiffs all owed, earned, accrued,

and/or promised wages. Plaintiffs are entitled to recover from defendants plaintiffs' unpaid wages for labor, an equal among of liquidated damages, other appropriate relief, and an award of attorney's fees and costs.

## Parties

3. Plaintiffs reside in Wake County, North Carolina, and are former employees of defendant Bruson Group.

4. Bruson Group is a North Carolina corporation and has its principal place of business at 7417 Knightdale Blvd, Unit 101, Knightdale, NC 27545.

5. Defendants Renwick Bruce Ward and Sonia Ward are married and reside in Wake County, North Carolina. At all relevant times, they have been the actual or *de facto* owners, directors, and controlling officers of defendant Bruson Group. In those capacities, defendants Sonia Ward and Renwick Bruce Ward controlled, supervised, and managed all aspects of Bruson Group's business; acted directly or indirectly in the interest of defendant Bruson Group in relation to the employment of plaintiffs; and exercised the power to hire and fire employees, set pay rates and methods of payment, assign duties, pay wages, report and pay employment taxes, and maintain company employment records.

## Jurisdiction and Venue

6. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 based on plaintiffs' claims under the FLSA. Supplemental jurisdiction exists over plaintiffs' NCWHA claims pursuant to 28 U.S.C. § 1367.

2

Case 5:19-cv-00387-BO   Document 1   Filed 09/03/19   Page 2 of 10

7. At all relevant times, defendants were "employers" of plaintiffs within the meaning of the 29 U.S.C. § 203(d) of the FLSA and N.C. Gen. Stat. § 95-25.2(5) of the NCWHA.

8. At all relevant times, plaintiffs were "employees" of defendants within the meaning of 29 U.S.C. § 203(e) of the FLSA and N.C. Gen. Stat. § 95-25.2(4) of the NCWHA.

9. At all relevant times, defendants were engaged in an "enterprise" as defined in 29 U.S.C. § 203(r) and N.C. Gen. Stat. § 95-25.2(18).

10. At all relevant times, the business of Bruson Group constituted an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s) of the FLSA in that (1) defendants had employees engaged in commerce and the enterprise's annual gross volume of sales made or business done was not less than $500,000 and/or (2) defendants were engaged in the operation of and employed plaintiffs in an institution primarily engaged in the care of the sick or the mentally ill who reside on the premises of such institution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## Additional Facts

12. At all relevant times, defendants have operated three group residential facilities located in Wake County, North Carolina that provide residential living, behavioral therapy, and psychiatric care to teenagers who have mental illnesses and/or behavioral problems.

13. Plaintiffs worked in defendants' group homes as Paraprofessionals or Managers. Their jobs involved primarily the provision of care to and the supervision of residents of defendants' three group homes. Defendants paid plaintiffs on an hourly basis.

14. Plaintiff Camisha Grimes worked as a Paraprofessional or Manager for defendant Bruson Group from September 2014 through July 4, 2019. She was paid on an hourly basis at the rate of $10.50 per hour.

15. Plaintiff Keona Hunter, formerly Keona Sapp, worked as a Paraprofessional or Manager for defendant Bruson Group from May 2010 through June 24, 2019. She was paid on an hourly basis at the rate of $10.00 per hour.

16. Plaintiff Kimberly Reaves worked as a Paraprofessional for defendant Bruson Group from September 2014 until October 2017 and from November 2018 through May 27, 2019. She was paid on an hourly basis at the rate of $9.25 per hour.

17. Plaintiff Nesita Williams worked as a Paraprofessional for defendant Bruson Group from May 2017 through June 24, 2019. She was paid on an hourly basis at the rate of $10.00 per hour.

18. Throughout plaintiffs' employments, plaintiffs routinely worked more than forty hours per week, often between 200 and 300 hours per month. Defendants violated 29 U.S.C. § 207 and N.C. Gen. Stat. § 95-25.4 by failing to pay plaintiffs the additional one-half pay for all of their overtime hours.

19. In 2013, the Wage and Hour Division of the United States Department of Labor investigated defendants for their payroll practices and determined that defendants had violated the FLSA by not paying all wages, including overtime pay, owed to

4

Case 5:19-cv-00387-BO   Document 1   Filed 09/03/19   Page 4 of 10

employees of Bruson Group. As a result of the investigation, defendants were required to make back wage payments to its employees, including plaintiff Keona Hunter.

20. After the Department of Labor's investigation was concluded, defendants soon thereafter reverted to the practice of failing to pay all wages and overtime owed to their employees. Defendants knew that the FLSA and the NCWHA required them to pay their employees overtime pay, but instead of complying with the law defendants failed to pay plaintiffs overtime pay for all overtime hours worked; implemented payroll practices that were designed to conceal their illegal activity from regulators, auditors, and taxing authorities; and failed to make federal and state payroll tax payments on wage payments made outside the payroll system. When plaintiffs complained about defendants' payroll practices, defendants advised plaintiffs that they "could not afford to pay overtime" and threatened plaintiffs with firing if they complained to the Department of Labor.

21. Defendants' illegal payroll system worked generally like this: At the start of each pay period defendants presented to each plaintiff a work schedule for the upcoming calendar month. Defendants were paid at first on a bi-monthly cycle and later once a month. At the end of the payroll cycle, defendants required plaintiffs to turn in two written time reports. One timesheet was for the payroll system. Defendants instructed plaintiffs to record on the payroll timesheet no more than 80 hours for a bi-monthly payroll period or 160 hours for a monthly pay period. The other time report listed the total hours that plaintiffs worked during the time period.

22. After receiving the time records completed by plaintiffs, defendants paid plaintiffs using company payroll checks, company non-payroll checks, and personal

5

checks written by defendants Sonia Ward and Renwick Bruce Ward. The company payroll checks compensated plaintiffs for up to 80 per twice-monthly pay period or 160 hours per monthly pay period at plaintiffs' established hourly rates and sometimes for a token number of overtime hours for which the plaintiffs were paid at the rate of one and one-half time their regular rates. Defendants paid plaintiffs for the balance of their hours by Bruson Group non-payroll checks and the Wards' personal checks. The additional checks were based on straight pay, i.e. without the additional one-half times pay required by section 207 of the FLSA and section 95-25.4 of the NCWHA.

23. Sometimes plaintiffs received several checks for a pay period: a Bruson Group payroll check, a Bruson Group non-payroll check, and one or more personal checks written on a personal account of defendants. The payroll checks indicated the payroll period for which the checks were issued, a portion of the hours worked by plaintiffs during the pay period, the rate of pay, and the tax withholdings for the pay period. Oftentimes, the personal checks contained false entries in the "memo" line such as "group home client reimbursement," "reimbursement," "NBHC," "G.H. Services RE" or "Client P Notes 17." The false entries were used to disguise the fact that the checks were really for wages.

24. Defendants did not withhold or pay income or payroll taxes on the non-payroll system checks issued to plaintiffs.

25. Defendants violated N.C. Gen. Stat. § 95-25.8 by illegally withholding portions of plaintiffs' wages for infractions allegedly committed by plaintiffs. Specifically, defendants violated N.C. Gen. Stat. § 95-25.8(a)(2) by failing to obtain

plaintiffs' written authorizations for the deductions that (i) were signed on or before the paydays for the pay periods from which the deductions were to be made, (ii) indicated the reason for the deduction, and (iii) stated the actual dollar amount or percentage of wages to be deducted from plaintiffs' paychecks.

26. Defendants failed to pay plaintiffs Keona Hunter and Nesita Williams their final paychecks in violation of N.C. Gen. Stat. § 95-25.6 and 25.7.

First Claim for Relief
All Plaintiffs against All Defendants
(Violation of the FLSA for Unpaid Overtime Wages and Other Relief)

27. The other allegations of this complaint are incorporated by reference.

28. Plaintiffs were employed by defendants as hourly-paid employees to perform duties that do not satisfy the tests for exempt positions under the FLSA.

29. In connection with the acts and inactions alleged herein, each of the defendants were acting as "employers" of plaintiffs as defined in 29 U.S.C. § 203(d) of the FLSA. In addition, defendants conspired to violate plaintiffs' rights under the FLSA, and each defendant acted in concert with the other defendants to further their illegal scheme. As a result, each of the defendants is jointly and severally liable to plaintiffs for the violations of the FLSA alleged herein.

30. Defendants violated 29 U.S.C. § 207 by refusing to compensate plaintiffs for hours they worked in excess of forty hours in a workweek at a rate of not less than one and one-half times their hourly rate per hour.

31. As a result of defendants' violation of the overtime pay requirements of the FLSA, plaintiffs are entitled pursuant to 29 U.S.C. § 216(b) to recover from defendants

their unpaid overtime compensation and an equal amount as liquidated damages. Defendants will be unable to carry their burden of proving that they acted in good faith and had reasonable grounds for believing that their failure to pay plaintiffs overtime wages was not a violation of the FLSA.

32. Plaintiffs are entitled pursuant to 29 U.S.C. § 216(b) to recover from defendants a reasonable attorney's fee and the costs of this action.

33. Defendants actions and inactions as alleged herein constitute willful violations of section 207 of the FLSA and therefore the three-year limitations provision of 29 U.S.C. § 255(a) should apply.

<u>Second Claim for Relief</u>
All Plaintiffs against All Defendants
(Violation of the NCWHA for Unpaid Wages and Other Relief)

34. The other allegations of this complaint are incorporated by reference.

35. N.C. Gen. Stat. § 95-25.6 requires employers to pay every employee all wages earned by the employee on the next regular payday. N.C. Gen. Stat. § 95-25.7 requires employers to pay every separated employee all wages earned by the employee through the last day worked.

36. Defendants violated sections 95-25.6 and 25.7 by failing to pay plaintiffs all wages when such wages were due. Defendants violated section 95-25.7 by failing to pay Keona Hunter and Nesita Williams their final paychecks.

37. Accordingly, plaintiffs are entitled to recover from defendants their unpaid wages, liquidated damages in an amount equal to plaintiffs' unpaid wages, interest at the legal rate set forth in N.C. Gen. Stat. § 24-1, a reasonable attorney's fee, and the costs of

8

Case 5:19-cv-00387-BO   Document 1   Filed 09/03/19   Page 8 of 10

this action. Defendants will be unable to carry their burden to prove that they acted in good faith and had reasonable grounds for believing that their failures to pay plaintiffs overtime wages when due was not a violation of the NCWHA.

## Prayer for Relief

Wherefore, having complained of defendants, plaintiffs pray the Court for the following relief:

1. A judgment that defendants are obligated to pay plaintiffs their unpaid overtime compensation and an equal amount of liquidated damages as provided by 29 U.S.C. § 216(b).

2. A judgment that defendants are obligated to pay plaintiffs their unpaid wages and an equal amount of liquidated damages as provided by N.C. Gen. Stat. §§ 95-25.22.

3. A judgment that defendants are obligated to pay plaintiffs pre-judgment and post-judgment interest at the statutory rate in North Carolina as provided by N.C. Gen. Stat. §§ 24-1 and 95-25.22(a).

4. A judgment that defendants are obligated to pay plaintiffs a reasonable attorney's fee and costs pursuant 29 U.S.C. § 216(b) and N.C. Gen. Stat. §95-25.22(b).

5. Such other relief as the Court deems just and proper.

## Jury Trial Demand

Plaintiffs demand trial by jury.

September 3, 2019                           /s/ Andrew Whiteman
Date                                        Andrew Whiteman
                                            N.C. State Bar Number 9523
                                            Whiteman Law Firm
                                            Attorney for plaintiffs
                                            5400 Glenwood Ave., Suite 225
                                            Raleigh, North Carolina 27612
                                            Tel: (919) 571-8300
                                            Fax: (919) 571-1004
                                            aow@whiteman-law.com