IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-387-BO

CAMISHA GRIMES, KEONA HUNTER, )
KIMBERLY REAVES, and NESITA WILLIAMS, )
)
    Plaintiffs, )
)
v. )    O R D E R
)
THE BRUNSON GROUP, INC., RENWICK )
BRUCE WARD, and SONIA WARD, )
)
    Defendants. )

This matter comes before the court on defendants' motion to dismiss as moot pursuant to Rule 12(h) of the Federal Rules of Civil Procedure. Plaintiffs have responded in opposition, defendants have replied, and the motion is ripe for disposition. For the following reasons, defendants' motion to dismiss is denied.

## BACKGROUND

Defendants operate three group residential facilities located in Wake County, North Carolina that offer residential living, behavioral therapy, and psychiatric care to teenagers with mental illnesses and behavior problems. Compl. ¶ 12. Plaintiffs were employed by defendants as caregivers to the residents of defendants' facilities and were paid between $9.25 and $10.50 per hour. *Id.* at ¶¶ 13–17. Plaintiffs allegedly routinely worked for more than forty hours per week, often between two hundred and three hundred hours per months. *Id.* at ¶ 18. Plaintiffs argue that, despite a previous finding by the Department of Labor that defendants had violated the FLSA, defendants failed to pay one-half pay overtime differential to their employees. *Id.* at ¶¶ 20–21.

When asked, defendants told plaintiffs they could not afford to pay overtime and threatened to fire plaintiffs if they complained to the Department of Labor. *Id.* at ¶ 21.

Plaintiffs filed a complaint against defendants on September 3, 2019 alleging that defendants violated the overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203, *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 94-25.1, *et seq.* Plaintiffs to seek to recover from defendants their unpaid overtime compensation, an equal amount as liquidated damages, interest, attorney's fees, and costs under 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22. The defendants timely filed answers on October 14, 2019. The parties engaged in discovery and conducted mediation on October 9, 2020, but mediation was unsuccessful. On October 22, 2020, plaintiffs served amended Rule 26(a)(1) disclosures in compliance with Rule 26(e), amending their earlier forecast of damages.

Defendants deny that they, or any one of them, is liable for nonpayment for overtime work or for violating the FLSA or NCWHA. DE 37. However, on October 30, 2020, defendants tendered payment by cashier's checks mailed to each of the plaintiffs including back wages less withholdings, liquidated damages, and interest, as alleged in plaintiffs' October 22, 2020 amended Rule 26(a) disclosures. The payment did not address plaintiffs' claims for attorney's fees and costs or offer entry of a judgment. On that same date, defendants also filed the instant motion to dismiss as moot.

## DISCUSSION

Defendants argue that because they tendered payment by cashier's checks, the case is now moot and must be dismissed. Article III's case or controversy requirement requires that an actual, ongoing controversy exist at all stages of federal court proceedings. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). "A case is moot when the issues presented are no longer 'live' or the

2

parties lack a legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court loses jurisdiction over a case when it becomes moot. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (citations omitted).

The Supreme Court has held that a rejected settlement offer under Rule 68 of the Federal Rules of Civil Procedure, even when it provides plaintiff the relief he seeks, does not moot a claim. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016). However, the court expressly reserved decision on the question of "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 166. Following the Supreme Court's decision in *Campbell-Ewald*, courts have split on whether actual payment of full relief moots an individual's claim, and commentators disagree on how the Court will ultimately resolve the split. *Kuntze v. Josh Enters.*, 365 F. Supp. 3d 630, 640–41 (E.D. Va. 2019). The Fourth Circuit Court of Appeals has held that a case was moot when plaintiff returned a check for the full amount of relief because the act of returning the check made the payment an unaccepted settlement offer, *Bennett v. Office of Fed. Emp.'s Grp. Life Ins.*, 683 F. App'x 186, 188 (4th Cir. 2017), but it has not addressed whether actual payment of full relief moots a claim or whether payment of full relief though a cashier's check, like defendants tendered here, moots a claim.

Although defendants tendered payment of back wages less withholdings, liquidated damages, and interest, defendants did make an offer for judgment. Plaintiffs argue that a failure to include an offer of judgment prevents their claim from being considered moot. However, courts have found that "a judgment is important . . . because the district court can enforce it." *Price v. Berman's Auto., Inc.*, No. 14-763-JMC, 2016 U.S. Dist. LEXIS 35807, at *8 (D. Md.

3

Mar. 18, 2006) (citing *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 (11th Cir. 2012)). However, a cashier's check is guaranteed by a bank, and therefore assures payment. *Kuntze*, 365 F. Supp. 3d at 642. Here, since defendants' payment was in the form of a cashier's check, there is "no legitimate risk of non-payment and no other foreseeable circumstance under which the Court might need to enforce the judgment." *Price*, 2016 U.S. Dist. LEXIS 35807, at *8. Therefore, taken alone, the fact that defendants did not make an offer for judgment does not prevent plaintiffs from receiving full relief.

Plaintiffs also argue, however, that their FLSA claim is not moot because defendants' tendered payment omitted attorney's fees and costs. The FLSA provides that, in action for violation of its overtime provision, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid to by the defendant." 29 U.S.C. § 216(b). The Fourth Circuit has determined that, when "the defendants have offered to pay the plaintiffs their reasonable attorney's fees . . . , the plaintiffs have been offered full relief in regard to attorneys' fees under the FLSA." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 766, n.8 (4th Cir. 2011) (citing 29 U.S.C. § 216(b)). If this case were to proceed to trial and were plaintiff to prevail, plaintiff would be entitled to reasonable attorney's fees. Plaintiff still seeks an award of attorney's fees and costs, and this case is not moot because defendants' tender of payment does not cover what plaintiff asks for. *See Wynne v. I.C. Sys.*, 124 F. Supp. 3d 734, 740 (E.D. Va. 2015) ("Reasonable though the defendants' offer may have been (and may still prove to be), the disparity between what they offered and what the plaintiff sought generally will preclude a finding of mootness.") (quoting *Hrivnak v. NCO Portfolio Mgmt.*, 719 F.3d 564, 568 (6th Cir. 2013)). Courts have found that plaintiffs have been denied complete relief even when attorneys' fees were offered but were capped to an amount lower than what plaintiffs could

4

statutorily receive. *See Zevgolis v. Greenberg Law Firm, P.C.*, No. 3:10cv625-DWD, 2011 U.S. Dist. LEXIS 50963, (stating that "because the [relevant] statute limits [plaintiff's] attorney's fees only to the extent that they be 'reasonable,' the Offer of Judgment did not offer [plaintiff] the 'full relief' that she could have obtained had she prevailed at trial" and holding that, "[h]ad [plaintiff] rejected the offer of judgment, a case in controversy would nonetheless persist due to [defendant's] failure to offer full relief vis-à-vis the cap on attorney's fees") (emphasis omitted); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001) ("[T]he defendant's offer of judgment, which capped [attorney's] costs and fees, did not constitute more than [plaintiff] could have received under the statute. Accordingly, [plaintiff's] claim could not be considered moot.") (internal citation omitted). The fact that defendants have offered less than full relief, preventing plaintiffs' claim from becoming moot, is not altered by the fact that defendants tendered payment with a cashier's check. Because plaintiffs seek more than what defendants tendered, plaintiffs still have a personal stake in the outcome of the action, a live controversy remains, and the case is not moot. *Wynne*, 124 F. Supp. 3d at 740; *Edge*, 203 F.R.D. at 88 (citation omitted).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss as moot is DENIED. [DE 36].

SO ORDERED, this **31** day of January, 2021.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE