IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-387-BO

CAMISHA GRIMES, KEONA HUNTER, )
KIMBERLY REAVES, and NESITA WILLIAMS, )
)
    Plaintiffs, )
)
v. ) ORDER
)
THE BRUSON GROUP, INC., RENWICK )
BRUCE WARD, and SONIA WARD, )
)
    Defendants. )

This matter comes before the Court on plaintiffs' motion for attorney's fees. The motion has been fully briefed and is ripe for ruling. For the reasons discussed below, plaintiff's motion is granted.

## BACKGROUND

Defendants operate three group residential facilities located in Wake County, North Carolina that offer residential living, behavioral therapy, and psychiatric care to teenagers with mental illnesses and behavior problems. Compl. ¶ 12. Plaintiffs were employed by defendants as caregivers to the residents of defendants' facilities and were paid between $9.25 and $10.50 per hour. *Id.* at ¶¶ 13–17. Plaintiffs allegedly routinely worked for more than forty hours per week, often between two hundred and three hundred hours per month. *Id.* at ¶ 18. Plaintiffs argue that, despite a previous finding by the Department of Labor that defendants had violated the FLSA, defendants failed to pay one-half pay overtime differential to their employees. *Id.* at ¶¶ 20–21. When asked, defendants told plaintiffs they could not afford to pay overtime and threatened to fire plaintiffs if they complained to the Department of Labor. *Id.* at ¶ 21.

Plaintiffs filed a complaint against defendants on September 3, 2019 alleging that defendants violated the overtime pay provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203, *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 94-25.1, *et seq.* Plaintiffs to seek to recover from defendants their unpaid overtime compensation, an equal amount as liquidated damages, interest, attorney's fees, and costs under 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22. The defendants timely filed answers on October 14, 2019. The parties engaged in discovery and conducted mediation on October 9, 2020, but mediation was unsuccessful. On October 22, 2020, plaintiffs served amended Rule 26(a)(1) disclosures in compliance with Rule 26(e), amending their earlier forecast of damages. On October 30, 2020, defendants tendered payment by cashier's checks mailed to each of the plaintiffs including back wages less withholdings, liquidated damages, and interest, as alleged in plaintiffs' October 22, 2020 amended Rule 26(a) disclosures. On that same date, defendants also filed a motion to dismiss as moot, which the Court denied on February 1, 2020.

On February 11, 2021, the parties filed a join motion for entry of a consent order, and the Court granted the parties' motion and entered judgment against defendants on February 16, 2021. The judgment ordered defendants to make specified payments to plaintiffs "as full and final satisfaction of the plaintiffs' claims for overtime pay, liquidated damages, and interest" under the FLSA and NCWHA. The judgment further provided that plaintiffs, as the prevailing parties, could submit a motion for attorney's fees and costs. Plaintiffs filed the instant motion for attorney's fees and costs on March 11, 2021 requesting an award of $527.15 in costs and $75,020.00 in attorney's fees. Throughout the case, plaintiffs have been represented by Mr. Andrew Whiteman of the Whiteman Law Firm located in Raleigh, North Carolina.

## DISCUSSION

The FLSA provides for mandatory fee-shifting in favor of the prevailing party: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (finding that fee-shifting is "mandatory"). The NCWHA provides that the Court may, in its discretion, order the defendant to pay costs and reasonable attorney's fees. *Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 435 (2000). In order to determine what constitutes reasonable attorney's fees, the Court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citation omitted). Factors to consider in determining the reasonableness of the hours and rate include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The parties generally agree with respect to nine of the twelve relevant factors. Particularly important to note is that defendants concede that $400 is a reasonable hourly rate for a civil litigator of Attorney Whiteman's experience. However, defendants argue that the skill required to perform the legal services rendered to plaintiffs was not extraordinary, that plaintiffs fail to address awards in similar cases, and that some of the time and labor allegedly expended

3

was not adequately documented. Defendants provide a list of time entries from plaintiffs' counsel's declaration that defendants argue are not adequately documented and therefore warrant a reduction. Furthermore, defendants argue that the 30.1 hours sought by plaintiffs for preparation of their response to defendants' motion to dismiss is presumptively unreasonable and should be reduced accordingly and that plaintiffs should not be awarded fees for the 36.25 hours expended in preparing a motion for summary judgment that was never filed and allegedly did not impact the outcome of the case and was not reasonably undertaken. Overall, defendants request that the Court eliminate 109.65 hours of the total 187.55 hours submitted by plaintiffs' counsel, for an award of $527.15 in costs and $31,160.00 in attorney's fees.

First, the Court has reviewed the list of time entries that defendant has alleged are inadequately documented. After reviewing the second declaration of Attorney Whiteman, along with the billing statements and other relevant submissions, the Court finds that plaintiffs have demonstrated with sufficient particularity that these hours were properly billable and appropriately performed by plaintiffs' counsel. The Court does not find that a reduction in the award for attorney's fees is appropriate based on any of these time entries.

Second, the Court finds that the 30.1 hours sought by plaintiffs for preparation of their response to defendants' motion to dismiss is reasonable. After reviewing the affidavits and billing statements submitted, the Court finds that the hours requested for preparation of the response to the motion to dismiss is a reasonable number of hours. Plaintiffs demonstrated with sufficient particularity that the hours requested were properly billable and appropriately performed by plaintiffs' attorney.

Finally, the Court finds that plaintiffs are entitled to compensation for the 36.25 hours spent preparing the motion for summary judgment. The fact that the motion for summary

judgment was never filed does not preclude plaintiffs from receiving compensation for the time spent preparing that motion. *See Fisher-Borne v. Smith*, Nos. 1:12CV589, 1:14CV299, 2018 U.S. Dist. LEXIS 124588, at *32 (M.D.N.C. July 25, 2018) (finding that "courts have held that time spent on unfiled motions may be compensable where a plaintiff shows that the motion was prepared to advance the litigation") (citation omitted). Here, the Court finds that drafting the motion for summary judgment was reasonable based on the posture of the case, as defendants had rejected plaintiffs' option of entering into a consent judgment and plaintiffs were facing an impending deadline for filing dispositive motions. Defendants eventually agreed to enter into a consent judgment, but only four days before the deadline for filing dispositive motions. DE 49-1, ¶ 26. Plaintiffs also believe that the threat of summary judgment contributed to defendants' ultimate agreement to settle the case. *Id.* at ¶ 30. Therefore, plaintiffs have carried their burden of proving that the hours expended on the motion for summary judgment were reasonable. After reviewing the affidavits, billing statements, and prepared documents submitted, the Court finds that the hours requested for preparation of the response to the motion to dismiss is a reasonable number of hours. Plaintiffs demonstrated with sufficient particularity that the hours requested were properly billable and appropriately performed by plaintiffs' attorney.

Therefore, defendant's motion to award attorney's fees is granted and the Court finds that an award $527.15 in costs and $75,020.00 in attorney's fees to be reasonable given the extent of litigation in this matter and the circumstances of the case. In crafting this remedy, the Court has carefully considered what amount will compensate plaintiffs for their losses without being punitive and what is reasonable under the applicable statutes and standards.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for attorney's fees [DE 46] is GRANTED. Defendants are ORDERED TO PAY $75,020.00 in attorney's fees and $527.15 in costs to plaintiffs.

SO ORDERED, this _28_ day of April, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE